UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL MAAS RISENHOOVER,          )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civil Action No. 1:19-cv-03359 (UNA)
                                )
                                )
CAPTAIN JOHN FISCHER, *et al.*, )
                                )
        Defendants.             )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's application for leave to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C.

2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a resident of Taiwan, sues "Captain John Fischer, Commander, Naval Station Guantanamo Bay, island of Cuba . . . and Acting Military Governor (Naval Governor) Guantanamo Perpetual Lease possession," and "Stefan Kropidlowski, Refuge Manager, Palmyra Atoll National Wildlife Refuges, and Acting Military Governor[.]" The allegations are vague, rambling, and incongruent.  Plaintiff seemingly asks the court to declare him [sic] "an attorney and counselor at law in Palmyra Territory, USA, and for the Guantanamo Bay lease possession, including as admiralty and maritime lawyer, attorney, and counsel."  The remainder of the complaint is mostly incomprehensible, consisting of sprawling ruminations on the Palmyra Atoll National Wildlife Refuge, Guantanamo Bay, various Executive Orders, and emails exchanged between unidentified individuals.

The intended causes of action, if any, are completely undefined.  The complaint, as pled, fails to provide any notice of a claim or any basis of federal court jurisdiction.  Plaintiff has also filed a "motion for judicial notice and to supplement supervening authorities and precedents[,]" which is equally nonsensical.  For this reason, the case will be dismissed.  A separate order accompanies this memorandum opinion.

\_\_\_\_/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE:  June 16, 2020